**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TASHOD K. FORD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 5:22-cv-100-MTT-CHW** |
| **VS.** | : | |
| | : | |
| **Unit Manager MCKELLER;** | : | |
| **Dr. KENNETH COWENS,**[1] | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| **Defendants.** | : | |
| _____ | : | |

**ORDER**

Plaintiff Tashod K. Ford, an inmate in Macon State Prison in Oglethorpe, Georgia,

has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  ECF No. 9.   He also

moved for leave to proceed *in forma pauperis* ("IFP").  ECF Nos. 2; 7.  The Court granted

this motion and ordered Plaintiff to pay an initial partial filing fee.  ECF No. 8.  Plaintiff

has now paid the initial partial filing fee.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.    Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct

a preliminary screening of every complaint filed by a prisoner who seeks redress from a

government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also

required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes

---

[1] Plaintiff did not name Unit Manager Black in his recast complaint.  ECF No. 9 at 1, 4.  The Clerk of Court is, therefore, **DIRECTED** to remove Unit Manager Black from the action.

apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at

556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   <u>Factual Allegations</u>

Plaintiff has named two Defendants, Unit Manager McKeller and Dr. Kenneth Cowens. ECF No. 9 at 1, 4. Plaintiff states he has a brain tumor and an abnormal mass on his carotid artery. *Id*. at 5. According to Plaintiff, these conditions have caused him to have nose bleeds, hallucinations, body aches, loss of vision, loss of memory, loss of equilibrium, migraines, and fatigue. *Id*. Plaintiff states that because he has received neither medical care for the tumor and abnormal mass nor adequate pain management, he has now started to have seizures. *Id*. He alleges that both Defendants are subjectively aware of his medical conditions, medical needs, and lack of medical care because he has personally told them of such, the information is in his records, and he has written them numerous letters and sick call requests. *Id*. at 5, 7, 9, 11-13.

Plaintiff states many of his sick call requests have been ignored. *Id*. at 7-13. When Plaintiff was allowed to visit the medical unit, he was initially given Excedrin, which did

3

not lessen his pain.  *Id*. at 8-11.  He was prescribed Cymbalta in October 2021, but he could

not take it because it made him sick.  *Id*. at 12-13.  When he informed Dr. Cowens of this,

Dr. Cowens told him to continue taking the medication anyway.

Plaintiff states he has been given nothing for the seizures that he is now experiencing

on a regular basis.  *Id*. at 8-11.  While he was scheduled to have a CT scan in January 2021,

he was forced to miss the appointment because "no transport officer came to get him."  *Id*.

at 9.  Plaintiff was taken to Augusta State Medical Prison for a CT scan and bloodwork in

February 2021, but no follow-up treatment has been given since the scan, and Dr. Cowens

told Plaintiff in December 2021 that he still did not have the scan results.  *Id*. at 11-13.

In March or April 2022, Plaintiff was taken to Augusta State Medical Prison to have

a contrast MRI.  *Id*. at 13.  It is unclear whether the results of that MRI have been reported

to the medical staff at Macon State Prison.  Plaintiff states that in May 2022 he had another

seizure and as of early June he still had not been allowed to see anyone in the medical unit.

*Id*.

    III.   <u>Plaintiff's Claims</u>

        A.    Eighth Amendment deliberate indifference to serious medical needs
                claim against Unit Manager McKeller and Dr. Kenneth Cowens

To state an Eighth Amendment claim for deliberate indifference to serious medical

needs, a plaintiff must allege "(1) a serious medical need; (2) a defendant's deliberate

indifference to that need; and (3) causation between that indifference and the plaintiff's

injury."  *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016).  The first prong is

objective, and

> a serious medical need is considered one that has been diagnosed by a
> physician as mandating treatment or one that is so obvious that even a lay
> person would easily recognize the necessity for a doctor's attention. . . .  In
> either of these situations, the medical need must be one that, if left
> unattended, pos[es] a substantial risk of serious harm.

*Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks and
citations omitted).

The second prong is subjective and has three components: (1) the official's
subjective knowledge of the risk of serious harm; (2) disregard of that risk, and (3) conduct
that rises above gross negligence.  *Harper v. Lawrency Cnty.*, 592 F.3d 1227, 1234 (11th
Cir. 2010).  Liability cannot be based on simple negligence or medical malpractice, but
rather on some sort of conscious disregard for a serious and imminent risk.  *Farmer v.
Brennan*, 511 U.S. 825, 834 (1994); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.
1991) (explaining that mere allegations of negligence or malpractice do not amount to
deliberate indifference).  Whether defendants "should have employed additional diagnostic
techniques or forms of treatment is a classic example of a matter for medical judgment and
therefore does not amount to deliberate indifference under the Eighth Amendment."
*Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (quotation omitted) (concluding that
a dispute between two medical doctors about the adequacy of medical treatment provided
-- not about whether treatment was provided at all -- suggested only medical negligence
and was no grounds for section 1983 liability).

A prison official might act with deliberate indifference by denying or delaying
medical care or by providing "medical care which is so cursory as to amount to no treatment
at all."  *Nam Dang v. Sheriff, Seminole Cnty., Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017).

But, "[s]ome delay in rendering medical treatment may be tolerable depending on the nature of the medical need and the reason for the delay." *Adams*, 61 F.3d at 1544. Deliberate indifference in the context of a claim of cruel and unusual punishment under the Constitution is marked by care "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id*. (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)); *Harris*, 941 F.2d at 1505; *see also Estelle*, 429 U.S. at 105-06 (medical treatment rises to the level of an Eighth Amendment violation when the care is "repugnant to the conscience of mankind" or would "offend 'evolving standards of decency.'"). "'[E]ach individual Defendant must be judged separately and on the basis of what that person knows.'" *Melton*, 841 F.3d at 1224 (quoting *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008)).

The final prong simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty*, 510 F.3d 1312, 1327 (11th Cir. 2007) (citing *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)).

The Court must construe Plaintiff's complaint liberally. Construed liberally, Plaintiff's complaint has stated sufficient facts to allow his Eighth Amendment deliberate indifference to serious medical needs claim to proceed against both named Defendants.

IV.   <u>Conclusion</u>

For the foregoing reasons, Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim shall proceed against Unit Manager McKeller and Dr. Kenneth Cowens shall proceed for further factual development.

**ORDER FOR SERVICE**

Having found that Plaintiff has made colorable constitutional violation claims against Defendants McKeller and Cowens, it is accordingly **ORDERED** that service be made on Defendant and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the PLRA.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing

supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

      **SO ORDERED**, this 9th day of August, 2022.

                                      s/ Charles H. Weigle
                                      Charles H. Weigle
                                      United States Magistrate Judge